**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **NEELY ENGINEERING &** | ) | |
| **CONTRACTING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. _____** |
| **v.** | ) | **District Judge _____** |
| | ) | **Magistrate Judge _____** |
| **WONDER PORCELAIN GROUP, LLC,** | ) | **Jury Demand** |
| **d/b/a AMERICAN WONDER** | ) | |
| **PORCELAIN, Individually and as** | ) | |
| **Statutory Trustee on Behalf of** | ) | |
| **Neely Engineering & Contracting, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

The Plaintiff, Neely Engineering & Contracting, LLC ("Neely Engineering"), by counsel, and for cause of action against the Defendant, Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain ("Wonder Porcelain"), now respectfully states as follows.

1.      The Plaintiff, Neely Engineering & Contracting, LLC, is a Tennessee limited liability company with its principal place of business located at 850 Highway 76, Clarksville, Tennessee 37043.

2.      According to the records of the Tennessee Secretary of State, Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain is a Delaware corporation, and can be served with process upon its registered agent, Capitol Corporate Services, Inc., Suite B, 992 Davidson Drive, Nashville, Tennessee 37205-1051.  Wonder Porcelain manufactures glazed tile products at a plant located in Lebanon, Tennessee.

3.      Upon information and belief, and as stated on the "About Us" page of the Wonder Porcelain website (www.wonderporcelain.com), a copy of which is attached hereto and

1

incorporated herein by reference as Exhibit 1, the Defendant, Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain is a wholly owned subsidiary.

4.      According to the records of the United States Patent and Trademark Office regarding registration of the trademark for "American Wonder Porcelain," the owner of the trademark "American Wonder Porcelain" is Guangdong Marco Polo Ceramics Co., Ltd., No. 109 Yuanling Road, Guancheng District Dongguan, Dongguang City, Guangdong Province, China 523000.  Upon information and belief, the Defendant, Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain is a wholly owned subsidiary of Guangdong Marco Polo Ceramics Co., Ltd., a Chinese manufacturing company located in Dongguang, Guangdong Province, China.

5.      Upon information and belief, at all times relevant to the allegations in this lawsuit, corporate officers located at the headquarters of Guangdong Marco Polo Ceramics Co., Ltd., in Dongguang, Guangdong Province, China, exercised ultimate authority over Wonder Porcelain's activities in Lebanon, Tennessee, made significant corporate decisions pertaining to Wonder Porcelain, and directed and controlled Wonder Porcelain's corporate policies, including all policies and decisions regarding the construction work which is the subject of this lawsuit.

## JURISDICTION AND VENUE

6.      This action is brought pursuant to the common law and statutes of the State of Tennessee.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of different States, and exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.      Upon information and belief, at all times relevant to the allegations in this lawsuit, Marco Polo Ceramics Co., Ltd., directed and controlled the operations of Wonder Porcelain, and functioned as the nerve center of all operations at Wonder Porcelain relative to the allegations in

2

this lawsuit.  Upon information and belief, at all times relevant to the allegations in this lawsuit, Dongguang, Guangdong Province, China, is the place of actual direction, control, and coordination for Wonder Porcelain.  Upon information and belief, the principal place of business and nerve center of Wonder Porcelain is in China, and Wonder Porcelain is a citizen of Delaware and China for purposes of diversity jurisdiction.

8.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

9.      According to the records of the Register of Deeds of Wilson County, Tennessee, on or about July 23, 2015, Wonder Porcelain purchased certain real property located in Wilson County, Tennessee, upon which the subject industrial plant was constructed.  The street address of the industrial plant is 5 Wonder Lane, Lebanon, Tennessee 37090.

10.      According to the records of the Register of Deeds of Wilson County, Tennessee, on or about December 18, 2017, Wonder Porcelain conveyed its interest in the subject real property to the Industrial Development Board of Wilson County, a Tennessee nonprofit corporation.

11.      According to that certain "Memorandum of Lease" recorded December 21, 2017, with the Register of Deeds of Wilson County, Tennessee, at Book/Page 1799/1817-1821, on or about December 18, 2017, the Industrial Development Board of Wilson County leased the subject real property to Wonder Porcelain.  On January 7, 2020, a second "Memorandum of Lease" was recorded with the Register of Deeds of Wilson County, Tennessee, at Book/Page1932/1148-1152, with regard to the subject real property which the Industrial Development Board of Wilson County leased to Wonder Porcelain.

3

12.     Both Memoranda of Lease contain the following statements with regard to the "Term of Lease" between the Industrial Development Board of Wilson County and Wonder Porcelain, the "Repurchase Rights" of Wonder Porcelain, and "Restrictions on Sale by Board":

1.      <u>Term of Lease</u>. The term of the Lease (the "Term") shall commence on the date hereof and expire on December 31, 2023, subject to certain provisions allowing the Company to terminate the Lease before the expiration of the Term.

2.      <u>Repurchase Rights</u>. Upon expiration of the Lease term or the earlier termination of the Lease as to all or a portion of the Real Property, the Company has a continuing option to purchase the Real Property or that part of the Real Property as to which the Lease has been terminated, as the case may be, for the purchase price stated in the Lease, and such option may be exercised whether or not the Company is in default under the Lease.

3.      <u>Restrictions on Sale by Board</u>. The Lease provides that Board will not sell, assign, mortgage, transfer or convey any part of the Real Property during the term of the Lease or create or suffer to be created any debt, lien or charge on the rents, revenues or receipts arising out of or in connection with its ownership thereof.

13.     Upon information and belief, in or about 2017-2019, certain contractors performed certain work for Wonder Porcelain to construct the subject industrial plant located at 5 Wonder Lane, Lebanon, Tennessee.

14.     The purpose of said industrial plant is the manufacturing, marketing, and sales of glazed tile.

15.     In or about December of 2018, Aaron Standifer, an Assistant Manager at Wonder Porcelain, requested a proposal from Neely Engineering for design and construction services of certain press equipment foundations and ball mill foundations within the Wonder Porcelain plant. Following contractual negotiations for performing this scope of work, Wonder Porcelain awarded Neely Engineering a contract to perform said foundation work, along with other related process design and construction services, for a contract price in the amount of $893,377.50, and subject to

4

Neely Engineering's "NEC General Terms and Conditions," which are the subject of this lawsuit. At completion of said contract work, Neely Engineering received payment in the amount of $893,377.50 for the contract price. Upon information and belief, this amount was paid to Neely Engineering by approval of the CTO Procurement and Purchasing Office of Guangdong Marco Polo Ceramics Co., Ltd., located in China.

16.     In or about March 2019, Wonder Porcelain experienced a fire at a stove located in a mess hall at the subject Wonder Porcelain plant.  As a result of said fire, Wonder Porcelain approached Neely Engineering with regard to contracting to perform certain remediation work, including framing and structural work, as well as installation of a hood on said stove and installation of a grease trap.  The contract price for this remediation work was approximately $34,000.00.  Upon information and belief, this amount was paid to Neely Engineering by approval of the CTO Procurement and Purchasing Office of Guangdong Marco Polo Ceramics Co., Ltd., located in China.

## A.     Contract for Container House No. 1

17.     Subsequent to work on said press foundation and mess hall kitchen, Wonder Porcelain approached Neely Engineering with regard to entering into a contract with Wonder Porcelain to assemble a series of six pre-fabricated container structures to be shipped from China. The six pre-fabricated structures were planned to be used as dormitory facilities at the subject industrial plant.  The finish, walls, windows, doors, and electrical wiring for the six pre-fabricated structures were to be shipped from China.  Neely Engineering was to assemble said pre-fabricated structures which were furnished and delivered by Wonder Porcelain on existing foundations constructed by other contractors for Wonder Porcelain.  Wonder Porcelain provided assurance to

Neely Engineering that said prefabricated container structures were certified by the prefabricated structure manufacturer to be compliant with all building codes applicable to said construction.

18.     On or about January 8, 2019, Neely Engineering sent to Aaron Standifer, an Assistant Manager at Wonder Porcelain, a "Construction Estimate/Proposal" dated January 8, 2019, with a fixed contract price of $127,471.20, for the scope of work for engineering consulting services as well as assembly and construction services regarding said Container House No. 1 on the plant site.  Neely Engineering attached to said "Construction Estimate/Proposal" dated January 8, 2019, Neely Engineering's "NEC General Terms and Conditions."   A copy of said "Construction Estimate/Proposal" dated January 8, 2019, with a fixed contract price of $127,471.20 is attached hereto and incorporated herein by reference as Exhibit 2.

19.     On February 14, 2019, Michael Kephart, the President of Wonder Porcelain, signed said "Construction Estimate/Proposal" from Neely Engineering "Construction Estimate/Proposal" dated January 8, 2019, and entered into that certain contract for engineering, design, and construction services, including said "NEC General Terms and Conditions," with regard to the construction services regarding said Container House No. 1 at the plant  (referred to herein as the "contract for Container House No. 1"). The "Construction Estimate/Proposal" dated January 8, 2019, attached hereto as Exhibit 2 is the signed contract returned by Wonder Porcelain to Neely Engineering.  Upon information and belief, Michael Kephart, the President of Wonder Porcelain, assigned Brian Messamore, Corporate Accounts Manager for Wonder Porcelain, to serve as the project consultant for the work on contract for Container House No. 1.  As project consultant for the work on contract for Container House No. 1, Brian Messamore was Neely Engineering's primary contact at Wonder Porcelain for this work.

6

20.      Under Section 4 of said "NEC General Terms and Conditions" which applied to said contract for Container House No. 1, Wonder Porcelain agreed that "[w]ith signed proposal, [Wonder Porcelain] certifies that sufficient funds are available and reserved for compensation to [Neely Engineering] for progress payments and at completion of work, or as otherwise agreed in writing prior to commencement of work."   Under Section 5 of the "NEC General Terms and Conditions," Wonder Porcelain agreed as follows:

> [Neely Engineering] shall submit monthly, or otherwise timely, invoices to [Wonder Porcelain] during the performance of this contract that shall be due and payable within 15 days from the individual invoice date. If [Wonder Porcelain] disputes any amounts invoiced, the [Wonder Porcelain] shall give [Neely Engineering] written notice within 7 days of the invoice date indicating the item(s) in dispute and the basis of the dispute. In any event, [Wonder Porcelain] shall pay immediately within the 15 days from invoice date all amounts invoiced that [Wonder Porcelain] does not dispute.

21.      In or about March of 2019, the first pre-fabricated structure arrived from China in the form of multiple components to be assembled. Two Chinese nationals who did not speak English were assigned to assist with the construction of the first pre-fabricated structure.  After arrival of the components from China, Neely Engineering learned that the pre-wired electrical system and certain features of the plumbing of the pre-fabricated structure were not compliant with local building codes of the City of Lebanon, Tennessee. Further, Neely Engineering expressed concerns to Wonder Porcelain that other prefabricated materials and assemblies, including the roof trusses, may not be in compliance with applicable building codes.  Neely Engineering made a request to Brian Messamore that Wonder Porcelain obtain the design loading criteria utilized in the container structural design by the Chinese manufacturer. Neely Engineering made this specific request to Brian Messamore regarding roof truss loading in or about May 2019.  On or about May 2, 2019, Brian Messamore sent an email to Neely Engineering with information from the Chinese manufacturer which stated the truss design loading.  However, Neely Engineering confirmed that

the designed roof design loading for the container house stated by the Chinese manufacturer was significantly less than the required roof design loading conditions required by local building codes applicable to such construction. Neely Engineering prepared a summary of loading criteria required under applicable local building codes for the truss design. On or about May 3, 2019, Neely Engineering sent said summary to Brian Messamore and others by email. Within less than one hour after Neely Engineering emailed said summary with the applicable loading criteria on or about May 3, 2019, Brian Messamore sent an email to Neely Engineering which attached a certification of compliance from the manufacturer in China with the revised and increased loading. However, the manufacturer in China did not send any manufacturer's recommendations for roof truss strengthening. Notwithstanding the certification of compliance from the manufacturer in China, on or about May 8, 2019, Neely Engineering furnished to Wonder Porcelain an independent structural analysis of the roof trusses, and confirmed to Wonder Porcelain that additional trusses or strengthened trusses would be required under applicable local building codes. In order to satisfy the requirements of the local building codes enforced by the Lebanon Building Inspection Department, Neely Engineering had to design and subsequently install additional roof trusses in order for the subject container house roof to be structurally sound, and compliant with building codes enforced by the City of Lebanon Building Inspection Department. In addition, Neely Engineering had to provide to the City of Lebanon Building Inspection Department a certification regarding the roof trusses which was stamped with the seal of a professional engineer licensed in Tennessee. As the first pre-fabricated structure was assembled, two Chinese nationals routinely photographed numerous components during container house assembly and sent such photographic information to the manufacturer in China. Before commencement and during assembly of the subject container house, extensive revisions and changes to the manufacture's installation

procedures were required. These extensive revisions and changes substantially delayed Neely Engineering's assembly of the subject container house, and reduced productivity of construction.

22. Neely Engineering performed all engineering and assembly work contemplated under the contract for Container House No. 1 regarding the first pre-fabricated structure. Wonder Porcelain accepted all of the work performed by Neely Engineering. During construction of Container House No. 1, Wonder Porcelain abandoned the plan to construct the other five pre-fabricated structures. The City of Lebanon Building Inspection Department advised Wonder Porcelain that the units would not be approved under applicable building codes. The design from China for said six pre-fabricated units, as originally planned, were for residential structures, not commercial structures. However, the Wonder Porcelain plant was zoned by the City of Lebanon, Tennessee, for commercial uses, not residential uses. Upon information and belief, the City of Lebanon Building Inspection Department has not issued a certificate of occupancy for Container House No. 1.

23. On or about July 18, 2019, Neely Engineering submitted Pay Request No. 1 in the amount of $35,000.00, and Wonder Porcelain paid $35,000.00 on or about October 18, 2019. Upon information and belief, this amount was paid to Neely Engineering by approval of the CTO Procurement and Purchasing Office of Guangdong Marco Polo Ceramics Co., Ltd., located in China.

24. On or about August 14, 2019, Neely Engineering submitted Pay Request No. 2 in the amount of $39,565.55. Wonder Porcelain did not give Neely Engineering written notice within seven (7) days of Pay Request No. 2 to indicate any dispute regarding the work referenced in Pay Request No. 2. To date, however, Wonder Porcelain has failed to pay the $39,565.55 which is

overdue and payable for Pay Request No. 2. Wonder Porcelain is therefore in breach with regard to nonpayment for work for the contract for Container House No. 1.

25.     As of April 25, 2020, the interest accrued on said amount of $39,565.55 at the contractual interest rate is $5,004.75.

**B.     <u>Contract for Dormitories Nos. 2-6</u>**

26.     After Wonder Porcelain's experience with said issues concerning zoning and the noncompliance of the prefabricated container house system with local building codes regarding the construction of Container House No. 1, Wonder Porcelain retained a local architect to draw conventional plans for the other five planned structures, which are referred to herein as Dormitories Nos. 2-6. The architect's plans for the construction of Dormitories Nos. 2-6 substantially changed the plans for the pre-fabricated structures from China for Dormitories Nos. 2-6 upon which design Neely Engineering had originally based its contract for Container House No. 1. Due to the commercial zoning of the location, the architect's drawings planned Dormitories Nos. 2-6 as commercial "training center" structures, not residential structures. As approved by City of Lebanon Building Inspection Department, the architect's plans for Dormitories Nos. 2-6 substantially changed the scope of work and cost structure for construction of the Dormitories Nos. 2-6. Due to delays for the changes in planning for the Dormitories Nos. 2-6, however, the schedule for completion of the work was reduced to approximately three months.

27.     Prior to providing the architect's plans to Neely Engineering, in or about June 2019 Brian Messamore requested that Neely Engineering provide alternate, separate pricing for construction of Dormitories Nos. 2-6 using conventional residential wood framed construction in lieu of using the prior contracted container house assemblies for these units. On or about June 6, 2019, Neely Engineering sent to Brian Messamore, the project manager for the subject

construction and Corporate Accounts Manager for Wonder Porcelain, a "Construction Estimate/Proposal" dated June 6, 2019, with a fixed contract price of $397,500.00 for the scope of work for construction services regarding said Dormitories Nos. 2-6 at the plant. Neely Engineering attached to said "Construction Estimate/Proposal" dated June 6, 2019, said Neely Engineering's "NEC General Terms and Conditions." A copy of said "Construction Estimate/Proposal" dated June 6, 2019, with a fixed contract price of $397,500.00 is attached hereto and incorporated herein by reference as Exhibit 3.

28.     On August 4, 2019, an agent for Wonder Porcelain, known as Mr. Lee, signed said "Construction Estimate/Proposal" from Neely Engineering "Construction Estimate/Proposal" dated June 6, 2019, and entered into that certain contract for construction services, including said "NEC General Terms and Conditions," with regard to construction services regarding said Dormitories Nos. 2-6 at the plant (referred to herein as the "contract for Dormitories Nos. 2-6"). The "Construction Estimate/Proposal" dated June 6, 2019, attached hereto as Exhibit 3 is the signed contract returned by Wonder Porcelain to Neely Engineering. Upon information and belief, Michael Kephart, the President of Wonder Porcelain, assigned Brian Messamore, Corporate Accounts Manager for Wonder Porcelain, to serve as the project consultant for the work on contract for Dormitories Nos. 2-6. As project manager for the work on contract for Dormitories Nos. 2-6, Brian Messamore was Neely Engineering's primary contact at Wonder Porcelain for this work.

29.     Under Section 4 of said "NEC General Terms and Conditions" which applied to said contract for Dormitories Nos. 2-6, Wonder Porcelain agreed that "[w]ith signed proposal, [Wonder Porcelain] certifies that sufficient funds are available and reserved for compensation to [Neely Engineering] for progress payments and at completion of work, or as otherwise agreed in

11

writing prior to commencement of work." Under Section 5 of the "NEC General Terms and Conditions," Wonder Porcelain agreed as follows:

> [Neely Engineering] shall submit monthly, or otherwise timely, invoices to [Wonder Porcelain] during the performance of this contract that shall be due and payable within 15 days from the individual invoice date. If [Wonder Porcelain] disputes any amounts invoiced, the [Wonder Porcelain] shall give [Neely Engineering] written notice within 7 days of the invoice date indicating the item(s) in dispute and the basis of the dispute. In any event, [Wonder Porcelain] shall pay immediately within the 15 days from invoice date all amounts invoiced that [Wonder Porcelain] does not dispute.

30.     During construction of the Dormitories Nos. 2-6, Neely Engineering issued to Wonder Porcelain Change Order 1 and Change Order 2 with regard to construction of the Dormitories Nos. 2-6.

31.     Neely Engineering performed all engineering, design, and construction work contemplated under the contract regarding Dormitories Nos. 2-6, including Change Order No. 1 and Change Order No. 2 (only a limited portion of the work under Change Order Request No. 2 was performed and invoiced), and Wonder Porcelain accepted all of the work performed by Neely Engineering.

32.     On or about October 4, 2019, Neely Engineering submitted Pay Request No. 1 in the amount of $99,375.00, and Wonder Porcelain paid $99,375.00 on or about November 11, 2019. Upon information and belief, this amount was paid to Neely Engineering by approval of the CTO Procurement and Purchasing Office of Guangdong Marco Polo Ceramics Co., Ltd., located in China.

33.     On or about December 11, 2019, Neely Engineering submitted Pay Request No. 2 in the amount of $238,500.00 and Wonder Porcelain paid $238,500.00 on or about January 28, 2020. Upon information and belief, this amount was paid to Neely Engineering by approval of the

CTO Procurement and Purchasing Office of Guangdong Marco Polo Ceramics Co., Ltd., located in China.

34.     On or about January 20, 2020, Neely Engineering submitted Pay Request No. 3 in the amount of $59,625.00. Wonder Porcelain did not give Neely Engineering written notice within seven (7) days of Pay Request No. 3 to indicate any dispute regarding the work referenced in Pay Request No. 3. To date, however, Wonder Porcelain has failed to pay the $59,625.00 which is overdue and payable for Pay Request No. 3.

35.     On or about January 19, 2020, Neely Engineering submitted Pay Request No. 4 in the amount of $223,468.00. Wonder Porcelain did not give Neely Engineering written notice within seven (7) days of Pay Request No. 4 to indicate any dispute regarding the work referenced in Pay Request No. 4. To date, however, Wonder Porcelain has failed to pay the $223,468.00 which is overdue and payable for Pay Request No. 4.

36.     On or about March 25, 2020, Neely Engineering submitted Pay Request No. 5 in the amount of $11,700.00. Wonder Porcelain did not give Neely Engineering written notice within seven (7) days of Pay Request No. 5 to indicate any dispute regarding the work referenced in Pay Request No. 5. To date, however, Wonder Porcelain has failed to pay the $11,700.00 which is overdue and payable for Pay Request No. 5.

37.     Based on Wonder Porcelain's failure to make payment on Pay Request No. 3, 4, and 5, Wonder Porcelain is therefore in breach with regard to nonpayment for work for the contract for Dormitories Nos. 2-6

38.     As of April 25, 2020, the interest accrued on said total amount of $294,793.00 overdue and outstanding for Pay Request Nos. 3, 4, and 5 at the contractual interest rate is $13,106.73.

C.    **Contract for Trenches and Pit**

39.    During the construction of Dormitories Nos. 2-6, Wonder Porcelain approached Neely Engineering with regard to providing design and construction work required at the Wonder Porcelain plant for trenches, a wastewater pit, and equipment foundations with regard to installation of large industrial grinders, polishers, stackers, hoppers, and other equipment used in the manufacturing process of the glazed tile which Wonder Porcelain produces.  In addition, Wonder Porcelain needed to install large industrial tanks, each tank weighing approximately 1,000,000 pounds.  The size and orientation of all trenches and equipment to be installed in the new polishing line was developed by Wonder Porcelain and provided to Neely Engineering for use in detailed design of excavations, reinforced concrete foundations, trenches, and a large central pit.  The scope of work required Neely Engineering to cut the existing concrete slab and build large industrial trenches and a large wastewater pit into the floor of the industrial plant.  Said industrial equipment was sent from China with CAD drawings with regard to installation of the equipment.  Three Chinese nationals from China named Kevin, Riley Tan, and Cao came to the Wonder Porcelain plant in Lebanon with regard to construction and installation of the industrial grinders, polishers, stackers, hoppers, and other equipment.  Mr. Tan and Cao spoke very little English, and generally worked through an interpreter. At all times relevant to the allegations in this lawsuit, Wonder Porcelain had approximately four Chinese-English interpreters providing service on-site during the subject construction at the Wonder Porcelain plant.

40.    On or about June 25, 2019, Neely Engineering sent to Brian Messamore, the project manager for the subject construction and Corporate Accounts Manager for Wonder Porcelain, a "Construction Estimate/Proposal" dated June 25, 2019, with a fixed contract price of $2,380,000.00 for the scope of work for design and construction services regarding said trenches

14

and pit work at the plant. Neely Engineering provided to Wonder Porcelain seven revised Construction Estimate/Proposals dated June 25, July 18, July 19, August 1, August 8, August 14, and August 22, 2019, each of which reflected changes in scope of work requested by Wonder Porcelain. Neely Engineering attached to said "Construction Estimate/Proposal" dated June 25, 2019, said Neely Engineering's "NEC General Terms and Conditions." A copy of said "Construction Estimate/Proposal" dated June 25, 2019, with said seven revisions through August 27, 2019, with a fixed contract price of $2,380,000.00 is attached hereto and incorporated herein by reference as Exhibit 4.

41. On or about August 30, 2019, Michael Kephart, the President of Wonder Porcelain, signed said "Construction Estimate/Proposal" from Neely Engineering "Construction Estimate/Proposal" dated June 25, 2019, and entered into that certain contract for engineering, design, and construction services, including said "NEC General Terms and Conditions," with regard to design and construction services regarding said trenches and pit work at the plant (referred to herein as the "contract for Trenches and Pit"). The "Construction Estimate/Proposal" dated June 25, 2019, attached hereto as Exhibit 4 is the signed contract returned by Wonder Porcelain to Neely Engineering. Upon information and belief, Michael Kephart, the President of Wonder Porcelain, assigned Brian Messamore, Corporate Accounts Manager for Wonder Porcelain, to serve as the project manager for the work on contract for Trenches and Pit. As project manager for the work on contract for Trenches and Pit, Brian Messamore was Neely Engineering's primary contact at Wonder Porcelain for this work.

42. Under Section 4 of said "NEC General Terms and Conditions" which applied to said contract for Trenches and Pit, Wonder Porcelain agreed that "[w]ith signed proposal, [Wonder Porcelain] certifies that sufficient funds are available and reserved for compensation to [Neely

15

Engineering] for progress payments and at completion of work, or as otherwise agreed in writing prior to commencement of work." Under Section 5 of the "NEC General Terms and Conditions," Wonder Porcelain agreed as follows:

> [Neely Engineering] shall submit monthly, or otherwise timely, invoices to [Wonder Porcelain] during the performance of this contract that shall be due and payable within 15 days from the individual invoice date. If [Wonder Porcelain] disputes any amounts invoiced, the [Wonder Porcelain] shall give [Neely Engineering] written notice within 7 days of the invoice date indicating the item(s) in dispute and the basis of the dispute. In any event, [Wonder Porcelain] shall pay immediately within the 15 days from invoice date all amounts invoiced that [Wonder Porcelain] does not dispute.

43.     During performance of the work under the contract for Trenches and Pit, Neely Engineering issued to Wonder Porcelain Change Order 1, Change Order 2, Change Order 3, and Change Order 4 with regard to construction of the Trenches and Pit.

44.     Neely Engineering performed all engineering, design, and construction work contemplated under the contract for Trenches and Pit, including Change Order No. 1, Change Order No. 2 (only a limited portion of the work under Change Order Request No. 2 was performed and invoiced), Change Order No. 3, and Change Order No. 4 (Neely Engineering has completed repair on multiple sections of damaged curbing, but has not invoiced for this work), and Wonder Porcelain accepted all of the work performed by Neely Engineering.

45.     On or about August 27, 2020, Neely Engineering submitted Pay Request No. 1 in the amount of $714,000.00, and Wonder Porcelain paid $714,000.00 on or about September 5, 2019. Upon information and belief, this amount was paid to Neely Engineering by approval of the CTO Procurement and Purchasing Office of Guangdong Marco Polo Ceramics Co., Ltd., located in China.

46.     On or about October 4, 2019, Neely Engineering submitted Pay Request No. 2 in the amount of $595,000.00, and Wonder Porcelain paid $595,000.00 on or about November 8,

2019. Upon information and belief, this amount was paid to Neely Engineering by approval of the CTO Procurement and Purchasing Office of Guangdong Marco Polo Ceramics Co., Ltd., located in China.

47. On or about December 1, 2019, Neely Engineering submitted Pay Request No. 3 in the amount of $595,000.00, and Wonder Porcelain paid $595,000.00 on or about January 9, 2020. Upon information and belief, this amount was paid to Neely Engineering by approval of the CTO Procurement and Purchasing Office of Guangdong Marco Polo Ceramics Co., Ltd., located in China.

48. On or about January 13, 2020, Neely Engineering submitted Pay Request No. 4 in the amount of $476,000.00. Wonder Porcelain did not give Neely Engineering written notice within seven (7) days of Pay Request No. 4 to indicate any dispute regarding the work referenced in Pay Request No. 4. On or about February 27, 2020, Wonder Porcelain paid $238,000.00, which was one-half of the invoiced amount (Neely Engineering assumes that Wonder Porcelain decided to withhold payment of $121,000.00 for concrete curbs not installed, but curb material was changed to aluminum due to the extra length required for the curbs). To date, however, Wonder Porcelain has failed to pay the balance of $238,000.00 which is overdue and payable for Pay Request No. 4.

49. On or about January 20, 2020, Neely Engineering submitted Pay Request No. 5 in the amount of $196,954.75. Wonder Porcelain did not give Neely Engineering written notice within seven (7) days of Pay Request No. 5 to indicate any dispute regarding the work referenced in Pay Request No. 5. To date, however, Wonder Porcelain has failed to pay the $196,954.75 which is overdue and payable for Pay Request No. 5.

50.     On or about March 25, 2020, Neely Engineering submitted Pay Request No. 6 in the amount of $430,450.00.  Wonder Porcelain did not give Neely Engineering written notice within seven (7) days of Pay Request No. 6 to indicate any dispute regarding the work referenced in Pay Request No. 6.  To date, however, Wonder Porcelain has failed to pay the $430,450.00 which is overdue and payable for Pay Request No. 6.

51.     On or about March 25, 2020, Neely Engineering submitted Pay Request No. 7 in the amount of $317,471.00.  Wonder Porcelain did not give Neely Engineering written notice within seven (7) days of Pay Request No. 7 to indicate any dispute regarding the work referenced in Pay Request No. 7.  To date, however, Wonder Porcelain has failed to pay the $317,471.00 which is overdue and payable for Pay Request No. 7.

52.     Neely Engineering has completed at least 16% of the work on Change Order No. 4, and amount of $7,675.00 is payable for this work based on the item amount of $49,174.05. Neely Engineering has not yet sent a pay request for said $7,675.00.

53.     Neely Engineering performed work by change orders for the contract for Trenches and Pit which Wonder Porcelain subsequently refused to pay unless Neely Engineering agreed to enter into a new, separate contract with Wonder Porcelain.  Such work including work performed under Change Order Request 2-1 (raw material foundation improvements); Change Order Request 2-2 (slip tank foundation); Change Order Request 2-3 (wastewater pipe support foundations); and Change Order Request 3-2 (concrete slab removal and replacement at finish stacker for polishing line).  Neely Engineering avers that Wonder Porcelain's practice to permit Neely Engineering to perform such work as priced and agreed under change orders for the contract for Trenches and Pit, but then withhold payment from Neely Engineering unless it agreed to enter into a new, separate contract constitutes a form of unfair and deceptive trade practice designed for purposes of non-

payment of amounts owed. Neely Engineering avers that such of unfair and deceptive trade practice by Wonder Porcelain was intentional, reckless, fraudulent, and/or malicious within the meaning of Tenn. Code Ann. § 29-39-104(a)(1).

54.     Under Change Order Request 2-7 (sawcut holes in slip tank lid), Neely Engineering provided material and labor to perform this extra emergency work as ordered and approved by Brian Messamore while Neely Engineering was working on the slip tank foundation. The pricing was issued on January 20, 2020, and approved by Brian Messamore under the authority of Michael Kephart. Neely Engineering completed this work in January 2020 and invoiced for the work on March 25, 2020, several months following completion and agreed pricing. However, Wonder Porcelain has failed to make payment for this work but instead requesting stated information under "Requirement for construction team" heading.

55.     Under Change Order Request 3-3 (wastewater troughs at wastewater foundation and slip tank) Neely Engineering only agreed to include cost for (2) 3" diameter pvc drains in Neely Engineering's original contract for the wastewater tank pads, which Neely Engineering had formed into its original work and installed long before Cao requested the revised trough construction. No details for concrete troughs were provided in the original concept sketch provided by Wonder Porcelain during contract negotiations. Neely Engineering has no record of any description or details for troughs being required during contract negotiations. Neely Engineering submitted preliminary plans for the extra trough work to Brian Messamore on January 6, 2020, and final stamped plans to Brian Messamore on January 16, 2020. No reference of wastewater troughs was mentioned to Neely Engineering until after Neely Engineering completed the wastewater tank foundations and tanks were being installed on the wastewater tank foundations by another contractor. Afterward, Cao, on behalf of Wonder Porcelain provided verbal indication

to Neely Engineering of need for trough and size. On February 14, 2020, Neely Engineering provided construction design and details for the trough concept issued by Cao, as well as pricing for this work. Neely Engineering completed work on the troughs by March 2020 and invoicing was sent to Wonder Porcelain on March 25, 2020, per the prior submitted pricing. Wonder Porcelain provided no objection to Neely Engineering's pricing until long after Neely Engineering completed the work.

56. Neely Engineering avers that Wonder Porcelain's practice to permit Neely Engineering to perform such work under Change Order Request 2-7 and Change Order Request 3-3, as requested and agreed by management, but then withhold payment from Neely Engineering unless it provides additional information not requested at the time of the change order, constitutes a form of unfair and deceptive trade practice designed for purposes of non-payment of amounts owed. Neely Engineering avers that such of unfair and deceptive trade practice by Wonder Porcelain was intentional, reckless, fraudulent, and/or malicious within the meaning of Tenn. Code Ann. § 29-39-104(a)(1).

57. Based on Wonder Porcelain's failure to make payment on Pay Request Nos. 4, 5, 6, and 7, Wonder Porcelain is therefore in breach with regard to nonpayment for work for the contract for Trenches and Pit.

58. As of April 25, 2020, the interest accrued on said total amount of $1,182,875.75 overdue and outstanding for Pay Request Nos. 4, 5, 6, and 7 (not including the unbilled amount of $7,675.00) at the contractual interest rate is $31,198.31.

59. By letter dated April 24, 2020, which was served by certified mail, return receipt requested, Neely Engineering provided Wonder Porcelain with seven (7) day notice of termination of all contracts concerning the work on Wonder Porcelain plant located at the project at 5 Wonder

Lane, Lebanon, Tennessee, pursuant to Section 7 of the NEC General Terms and Conditions which are applicable to all such contracts. According returned receipt, Wonder Porcelain and its registered agent both received on April 27, 2020, said letter dated April 24, 2020.

60.     By said letter dated April 24, 2020, Neely Engineering requested that Wonder Porcelain contact Neely Engineering's counsel by no later than seven (7) calendar days after receipt of the letter by the addressee who first received the letter with regard to arrangements to pay the total amount of $1,517,224.30 which is overdue and payable to Neely Engineering, as well as the interest of $49,198.32, at the contractual interest rate, which has accrued on the total amount of $1,517,224.30 due under the three contracts.

61.     By said letter dated April 24, 2020, Neely Engineering notified Wonder Porcelain that time is of the essence with regard to the demand stated in this letter. Further, Neely Engineering provided Wonder Porcelain notice pursuant to Tenn. Code Ann. § 66-34-602 of Neely Engineering's intent to seek relief under the Prompt Pay Act regarding the amounts owed for the subject contract

**COUNT I**
**BREACH OF CONTRACT**
**REGARDING CONTRACT FOR CONTAINER HOUSE NO. 1**

62.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

63.     Despite repeated demands by Neely Engineering to Wonder Porcelain to pay the balance due on the contract price for the subject contract for Container House No. 1, to date an amount of $39,565.55 of the contract price for said construction work pursuant to the terms of the Construction Contract remains unpaid and overdue. Neely Engineering is entitled to payment by Wonder Porcelain for the full of $39,565.55 amount due and owing for the subject work. The

21

Defendant has failed to cure their failure to perform the payment obligation, and is in material breach of the subject contract, resulting in undue damage and detriment to Neely Engineering and Contracting, LLC.

## COUNT II
### VIOLATION OF TENNESSEE PROMPT PAY ACT OF 1991
### AND BREACH OF FIDUCIARY AND STATUTORY TRUST DUTIES
### REGARDING CONTRACT FOR CONTAINER HOUSE NO. 1

64.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

65.     Under the statutory definition of "owner" provided Tenn. Code Ann. § 66-11-101(8), and the "Term of Lease," the "Repurchase Rights" of Wonder Porcelain, and "Restrictions on Sale by Board" referenced in the two Memoranda of Lease recorded at the Register of Deeds of Wilson County, Tennessee, with regard to the lease between the Industrial Development Board of Wilson County and Wonder Porcelain, Wonder Porcelain Group, LLC, is the owner of the subject improved real property located at 5 Wonder Lane, Lebanon, Tennessee 37090 within the meaning of the Prompt Pay Act of 1991, Tenn. Code Ann. § 66-34-101 et seq.

66.     Under the Prompt Pay Act at Tenn. Code Ann. § 66-34-201, performance by the contractor, Neely Engineering, in accordance with the subject contract for Container House No. 1 with the owner for improvement of the subject real property entitles Neely Engineering to payment from the owner, Wonder Porcelain.

67.     By letter dated April 24, 2020, which was served by certified mail, return receipt requested, Neely Engineering provided Wonder Porcelain notice pursuant to Tenn. Code Ann. § 66-34-602 of Neely Engineering's intent to seek relief under the Prompt Pay Act regarding nonpayment for the amounts owed for the subject contract for Container House No. 1. Despite said notice of intent, however, Wonder Porcelain has failed to make payment as required under

Tenn. Code Ann. § 66-34-201 with regard to the subject contract for Container House No. 1. Wonder Porcelain is therefore in violation of the Prompt Pay Act, and is liable to Neely Engineering for all rights and remedies available under Prompt Pay Act.

In view of Wonder Porcelain's nonpayment, Neely Engineering avers that under Section 4 of said "NEC General Terms and Conditions" which applied to said contract for Container House No. 1, Wonder Porcelain agreed that "[w]ith signed proposal, [Wonder Porcelain] certifies that sufficient funds are available and reserved for compensation to [Neely Engineering] for progress payments and at completion of work, or as otherwise agreed in writing prior to commencement of work." Based on Wonder Porcelain's certification to Neely Engineering that sufficient funds were available and reserved for compensation for progress payments and at completion of work for Container House No. 1, all sums which Wonder Porcelain certified as reserved for compensation to Neely Engineering were intended to be used as payment for the subject improvements made to real property, by virtue of Section 4 of said "NEC General Terms and Conditions." Pursuant to Tenn. Code Ann. § 66-34-205(a), all such sums were required to be held by Wonder Porcelain in trust for the benefit and use of Neely Engineering.

68. In view of Wonder Porcelain's nonpayment and the statutory trust created under Tenn. Code Ann. § 66-34-205(a), Neely Engineering avers that Wonder Porcelain, as trustee of all sums which Wonder Porcelain reserved for compensation to Neely Engineering, owed fiduciary duties and other statutory trust duties to Neely Engineering pursuant to Tennessee Uniform Trust Code, Tenn. Code Ann. § 35-15-101 et seq., and the common law of Tennessee, with regard to all such sums which Wonder Porcelain was required to hold in trust, as trust property, concerning the contract for Container House No. 1. Neely Engineering expressly avers that the statutory trust

created under Tenn. Code Ann. § 66-34-205(a) required the trust to be administered in the manner of an express trust within the meaning of Tenn. Code Ann. § 35-15-102.

69. Neely Engineering avers that Wonder Porcelain exercised dominion and control over trust property, and wrongfully breach its duty of loyalty owed to Neely Engineering pursuant to Tenn. Code Ann. § 35-15-802; its duty to properly administer the trust in the best interest of Neely Engineering pursuant to Tenn. Code Ann. § 35-15-801; and its duty to inform and report to Neely Engineering pursuant to Tenn. Code Ann. § 35-15-113. Neely Engineering avers that Wonder Porcelain, as trustee, has breached its fiduciary duties and other statutory trust duties, resulting in undue damage and detriment to the trust beneficiary, Neely Engineering.

70. In view of Wonder Porcelain's nonpayment, Neely Engineering avers that it is entitled to all remedies for breach of trust provided at Tenn. Code Ann. § 35-15-1001, including but not limited to (1) an order of the Court compelling the trustee, Wonder Porcelain, to redress breach of trust by paying and restoring all trust property to Neely Engineering or, in the alternative, paying into the Court all funds which constitute trust property pending the Court's determination of the trust claims; (2) an order requiring the trustee to account; and/or (3) an order awarding the trust beneficiary all attorney fees and costs reasonably required to prosecute this action for breach of trust, as permitted under Tenn. Code Ann. § 35-15-1004.

71. Neely Engineering avers that Wonder Porcelain's breach of its fiduciary duties and other trust duties as statutory trustee pursuant to Tenn. Code Ann. § 66-34-205(a) was intentional, reckless, fraudulent, and/or malicious within the meaning of Tenn. Code Ann. § 29-39-104(a)(1). Based upon the fiduciary relationship of Wonder Porcelain to Neely Engineering, the wrongful pattern of nonpayment by Wonder Porcelain on multiple contracts despite Wonder Porcelain's awareness of the amount of harm caused to Neely Engineering by nonpayment, and numerous

other factors, Plaintiff avers that Wonder Porcelain is therefore liable for punitive damages for its breach of fiduciary and trust duties.

**COUNT III**
**QUANTUM MERUIT**
**REGARDING CONTRACT FOR CONTAINER HOUSE NO. 1**

72.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

73.     In the alternative, Neely Engineering and Contracting, LLC, avers that it furnished to Wonder Porcelain in a diligent and workmanlike manner, supplies, equipment, materials, work, labor, goods and services necessary for the construction and improvement to the real property pursuant to the subject contract for Container House No. 1.  As a result of said supplies, equipment, materials, work, labor, goods and services furnished by Neely Engineering to construct and improve the real property in question, the value of the real estate has been increased.  Neely Engineering avers that Wonder Porcelain, as lessee with contractual right to repurchase the subject improved commercial real estate upon expiration/termination of the lease regardless of whether the lessee is in default, has knowingly received a benefit from the increased value of the real property.  This benefit was conferred by Neely Engineering upon Wonder Porcelain.  Because Neely Engineering has not been fully paid for all supplies, equipment, materials, work and labor which it furnished, this benefit unjustly enriches Wonder Porcelain.  Therefore, Neely Engineering sues for the amounts due under the Construction Contract to prevent a windfall to Wonder Porcelain for unjust enrichment.

## COUNT IV
## BREACH OF CONTRACT
## REGARDING CONTRACT FOR DORMITORIES NUMBERS 2-6

74.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

75.     Despite repeated demands by Neely Engineering to Wonder Porcelain to pay the balance due on the contract price for the subject contract for Dormitories Nos. 2-6, to date an amount of $294,793.00 of the contract price for said construction work pursuant to the terms of the Construction Contract remains unpaid and overdue.  Neely Engineering is entitled to payment by Wonder Porcelain for the full of $294,793.00 amount due and owing for the subject work.  The Defendant has failed to cure their failure to perform the payment obligation, and is in material breach of the subject contract, resulting in undue damage and detriment to Neely Engineering and Contracting, LLC.

## COUNT V
## VIOLATION OF TENNESSEE PROMPT PAY ACT OF 1991
## AND BREACH OF FIDUCIARY AND STATUTORY TRUST DUTIES
## REGARDING CONTRACT FOR DORMITORIES NUMBERS 2-6

76.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

77.     Under the statutory definition of "owner" provided Tenn. Code Ann. § 66-11-101(8), and the "Term of Lease," the "Repurchase Rights" of Wonder Porcelain, and "Restrictions on Sale by Board" referenced in the two Memoranda of Lease recorded at the Register of Deeds of Wilson County, Tennessee, with regard to the lease between the Industrial Development Board of Wilson County and Wonder Porcelain, Wonder Porcelain Group, LLC, is the owner of the subject improved real property located at 5 Wonder Lane, Lebanon, Tennessee 37090 within the meaning of the Prompt Pay Act of 1991, Tenn. Code Ann. § 66-34-101 et seq.

78. Under the Prompt Pay Act at Tenn. Code Ann. § 66-34-201, performance by the contractor, Neely Engineering, in accordance with the subject contract for Dormitories Nos. 2-6 with the owner for improvement of the subject real property entitles Neely Engineering to payment from the owner, Wonder Porcelain.

79. By letter dated April 24, 2020, which was served by certified mail, return receipt requested, Neely Engineering provided Wonder Porcelain notice pursuant to Tenn. Code Ann. § 66-34-602 of Neely Engineering's intent to seek relief under the Prompt Pay Act regarding nonpayment for the amounts owed for the subject contract for Dormitories Nos. 2-6. Despite said notice of intent, however, Wonder Porcelain has failed to make payment as required under Tenn. Code Ann. § 66-34-201 with regard to the subject contract for Dormitories Nos. 2-6. Wonder Porcelain is therefore in violation of the Prompt Pay Act, and is liable to Neely Engineering for all rights and remedies available under Prompt Pay Act.

80. In view of Wonder Porcelain's nonpayment, Neely Engineering avers that under Section 4 of said "NEC General Terms and Conditions" which applied to said contract for Dormitories Nos. 2-6, Wonder Porcelain agreed that "[w]ith signed proposal, [Wonder Porcelain] certifies that sufficient funds are available and reserved for compensation to [Neely Engineering] for progress payments and at completion of work, or as otherwise agreed in writing prior to commencement of work." Based on Wonder Porcelain's certification to Neely Engineering that sufficient funds were available and reserved for compensation for progress payments and at completion of work for Dormitories Nos. 2-6, all sums which Wonder Porcelain certified as reserved for compensation to Neely Engineering were intended to be used as payment for the subject improvements made to real property, by virtue of Section 4 of said "NEC General Terms

and Conditions." Pursuant to Tenn. Code Ann. § 66-34-205(a), all such sums were required to be held by Wonder Porcelain in trust for the benefit and use of Neely Engineering.

81.     In view of Wonder Porcelain's nonpayment and the statutory trust created under Tenn. Code Ann. § 66-34-205(a), Neely Engineering avers that Wonder Porcelain, as trustee of all sums which Wonder Porcelain reserved for compensation to Neely Engineering, owed fiduciary duties and other statutory trust duties to Neely Engineering pursuant to Tennessee Uniform Trust Code, Tenn. Code Ann. § 35-15-101 et seq., and the common law of Tennessee, with regard to all such sums which Wonder Porcelain was required to hold in trust, as trust property, concerning the contract for Dormitories Nos. 2-6. Neely Engineering expressly avers that the statutory trust created under Tenn. Code Ann. § 66-34-205(a) required the trust to be administered in the manner of an express trust within the meaning of Tenn. Code Ann. § 35-15-102.

82.     Neely Engineering avers that Wonder Porcelain exercised dominion and control over trust property, and wrongfully breach its duty of loyalty owed to Neely Engineering pursuant to Tenn. Code Ann. § 35-15-802; its duty to properly administer the trust in the best interest of Neely Engineering pursuant to Tenn. Code Ann. § 35-15-801; and its duty to inform and report to Neely Engineering pursuant to Tenn. Code Ann. § 35-15-113. Neely Engineering avers that Wonder Porcelain, as trustee, has breached its fiduciary duties and other statutory trust duties, resulting in undue damage and detriment to the trust beneficiary, Neely Engineering.

83.     In view of Wonder Porcelain's nonpayment, Neely Engineering avers that it is entitled to all remedies for breach of trust provided at Tenn. Code Ann. § 35-15-1001, including but not limited to (1) an order of the Court compelling the trustee, Wonder Porcelain, to redress breach of trust by paying and restoring all trust property to Neely Engineering or, in the alternative, paying into the Court all funds which constitute trust property pending the Court's determination

of the trust claims; (2) an order requiring the trustee to account; and/or (3) an order awarding the trust beneficiary all attorney fees and costs reasonably required to prosecute this action for breach of trust, as permitted under Tenn. Code Ann. § 35-15-1004.

84.     Neely Engineering avers that Wonder Porcelain's breach of its fiduciary duties and other trust duties as statutory trustee pursuant to Tenn. Code Ann. § 66-34-205(a) was intentional, reckless, fraudulent, and/or malicious within the meaning of Tenn. Code Ann. § 29-39-104(a)(1). Based upon the fiduciary relationship of Wonder Porcelain to Neely Engineering, the wrongful pattern of nonpayment by Wonder Porcelain on multiple contracts despite Wonder Porcelain's awareness of the amount of harm caused to Neely Engineering by nonpayment, and numerous other factors, Plaintiff avers that Wonder Porcelain is therefore liable for punitive damages for its breach of fiduciary and trust duties.

### COUNT VI
### QUANTUM MERUIT
### REGARDING CONTRACT FOR DORMITORIES NUMBERS 2-6

85.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

86.     In the alternative, Neely Engineering and Contracting, LLC, avers that it furnished to Wonder Porcelain in a diligent and workmanlike manner, supplies, equipment, materials, work, labor, goods and services necessary for the construction and improvement to the real property pursuant to the subject contract for Dormitories Nos. 2-6.  As a result of said supplies, equipment, materials, work, labor, goods and services furnished by Neely Engineering to construct and improve the real property in question, the value of the real estate has been increased.  Neely Engineering avers that Wonder Porcelain, as lessee with contractual right to repurchase the subject improved commercial real estate upon expiration/termination of the lease regardless of whether

the lessee is in default, has knowingly received a benefit from the increased value of the real property. This benefit was conferred by Neely Engineering upon Wonder Porcelain. Because Neely Engineering has not been fully paid for all supplies, equipment, materials, work and labor which it furnished, this benefit unjustly enriches Wonder Porcelain. Therefore, Neely Engineering sues for the amounts due under the Construction Contract to prevent a windfall to Wonder Porcelain for unjust enrichment.

**COUNT VII**
**BREACH OF CONTRACT**
**<u>REGARDING CONTRACT FOR TRENCHES AND PIT</u>**

87.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

88.     Despite repeated demands by Neely Engineering to Wonder Porcelain to pay the balance due on the contract price for the subject contract for Trenches and Pit, to date an amount of $1,182,875.75 of the contract price for said construction work pursuant to the terms of the Construction Contract remains unpaid and overdue. Neely Engineering is entitled to payment by Wonder Porcelain for the full of $1,182,875.75 amount due and owing for the subject work. The Defendant has failed to cure their failure to perform the payment obligation, and is in material breach of the subject contract, resulting in undue damage and detriment to Neely Engineering and Construction, LLC.

**COUNT VIII**
**VIOLATION OF TENNESSEE PROMPT PAY ACT OF 1991**
**AND BREACH OF FIDUCIARY AND STATUTORY TRUST DUTIES**
**<u>REGARDING CONTRACT FOR TRENCHES AND PIT</u>**

89.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

90.     Under the statutory definition of "owner" provided Tenn. Code Ann. § 66-11-101(8), and the "Term of Lease," the "Repurchase Rights" of Wonder Porcelain, and "Restrictions on Sale by Board" referenced in the two Memoranda of Lease recorded at the Register of Deeds of Wilson County, Tennessee, with regard to the lease between the Industrial Development Board of Wilson County and Wonder Porcelain, Wonder Porcelain Group, LLC, is the owner of the subject improved real property located at 5 Wonder Lane, Lebanon, Tennessee 37090 within the meaning of the Prompt Pay Act of 1991, Tenn. Code Ann. § 66-34-101 et seq.

91.     Under the Prompt Pay Act at Tenn. Code Ann. § 66-34-201, performance by the contractor, Neely Engineering, in accordance with the subject contract for Trenches and Pit with the owner for improvement of the subject real property entitles Neely Engineering to payment from the owner, Wonder Porcelain.

92.     By letter dated April 24, 2020, which was served by certified mail, return receipt requested, Neely Engineering provided Wonder Porcelain notice pursuant to Tenn. Code Ann. § 66-34-602 of Neely Engineering's intent to seek relief under the Prompt Pay Act regarding nonpayment for the amounts owed for the subject contract for Trenches and Pit.  Despite said notice of intent, however, Wonder Porcelain has failed to make payment as required under Tenn. Code Ann. § 66-34-201 with regard to the subject contract for Trenches and Pit.  Wonder Porcelain is therefore in violation of the Prompt Pay Act, and is liable to Neely Engineering for all rights and remedies available under Prompt Pay Act.

93.     In view of Wonder Porcelain's nonpayment, Neely Engineering avers that under Section 4 of said "NEC General Terms and Conditions" which applied to said contract for Trenches and Pit, Wonder Porcelain agreed that "[w]ith signed proposal, [Wonder Porcelain] certifies that sufficient funds are available and reserved for compensation to [Neely Engineering]

for progress payments and at completion of work, or as otherwise agreed in writing prior to commencement of work." Based on Wonder Porcelain's certification to Neely Engineering that sufficient funds were available and reserved for compensation for progress payments and at completion of work for Trenches and Pit, all sums which Wonder Porcelain certified as reserved for compensation to Neely Engineering were intended to be used as payment for the subject improvements made to real property, by virtue of Section 4 of said "NEC General Terms and Conditions." Pursuant to Tenn. Code Ann. § 66-34-205(a), all such sums were required to be held by Wonder Porcelain in trust for the benefit and use of Neely Engineering.

94. In view of Wonder Porcelain's nonpayment and the statutory trust created under Tenn. Code Ann. § 66-34-205(a), Neely Engineering avers that Wonder Porcelain, as trustee of all sums which Wonder Porcelain reserved for compensation to Neely Engineering, owed fiduciary duties and other statutory trust duties to Neely Engineering pursuant to Tennessee Uniform Trust Code, Tenn. Code Ann. § 35-15-101 et seq., and the common law of Tennessee, with regard to all such sums which Wonder Porcelain was required to hold in trust, as trust property, concerning the contract for Trenches and Pit. Neely Engineering expressly avers that the statutory trust created under Tenn. Code Ann. § 66-34-205(a) required the trust to be administered in the manner of an express trust within the meaning of Tenn. Code Ann. § 35-15-102.

95. Neely Engineering avers that Wonder Porcelain exercised dominion and control over trust property, and wrongfully breach its duty of loyalty owed to Neely Engineering pursuant to Tenn. Code Ann. § 35-15-802; its duty to properly administer the trust in the best interest of Neely Engineering pursuant to Tenn. Code Ann. § 35-15-801; and its duty to inform and report to Neely Engineering pursuant to Tenn. Code Ann. § 35-15-113. Neely Engineering avers that

Wonder Porcelain, as trustee, has breached its fiduciary duties and other statutory trust duties, resulting in undue damage and detriment to the trust beneficiary, Neely Engineering.

96.     In view of Wonder Porcelain's nonpayment, Neely Engineering avers that it is entitled to all remedies for breach of trust provided at Tenn. Code Ann. § 35-15-1001, including but not limited to (1) an order of the Court compelling the trustee, Wonder Porcelain, to redress breach of trust by paying and restoring all trust property to Neely Engineering or, in the alternative, paying into the Court all funds which constitute trust property pending the Court's determination of the trust claims; (2) an order requiring the trustee to account; and/or (3) an order awarding the trust beneficiary all attorney fees and costs reasonably required to prosecute this action for breach of trust, as permitted under Tenn. Code Ann. § 35-15-1004.

97.     Neely Engineering avers that Wonder Porcelain's breach of its fiduciary duties and other trust duties as statutory trustee pursuant to Tenn. Code Ann. § 66-34-205(a) was intentional, reckless, fraudulent, and/or malicious within the meaning of Tenn. Code Ann. § 29-39-104(a)(1). Based upon the fiduciary relationship of Wonder Porcelain to Neely Engineering, the wrongful pattern of nonpayment by Wonder Porcelain on multiple contracts despite Wonder Porcelain's awareness of the amount of harm caused to Neely Engineering by nonpayment, and numerous other factors, Plaintiff avers that Wonder Porcelain is therefore liable for punitive damages for its breach of fiduciary and trust duties.

## COUNT IX
## QUANTUM MERUIT
## REGARDING CONTRACT FOR TRENCHES AND PIT

98.     The Plaintiff reiterates and incorporates by reference in this paragraph and counts all previous paragraphs in this pleading.

99.     In the alternative, Neely Engineering and Contracting, LLC, avers that it furnished to Wonder Porcelain in a diligent and workmanlike manner, supplies, equipment, materials, work, labor, goods and services necessary for the construction and improvement to the real property pursuant to the subject contract for Trenches and Pit.  As a result of said supplies, equipment, materials, work, labor, goods and services furnished by Neely Engineering to construct and improve the real property in question, the value of the real estate has been increased.  Neely Engineering avers that Wonder Porcelain, as lessee with contractual right to repurchase the subject improved commercial real estate upon expiration/termination of the lease regardless of whether the lessee is in default, has knowingly received a benefit from the increased value of the real property.  This benefit was conferred by Neely Engineering upon Wonder Porcelain.  Because Neely Engineering has not been fully paid for all supplies, equipment, materials, work and labor which it furnished, this benefit unjustly enriches Wonder Porcelain.  Therefore, Neely Engineering sues for the amounts due under the Construction Contract to prevent a windfall to Wonder Porcelain for unjust enrichment.

        **WHEREFORE**, the Plaintiff respectfully prays as follows:

        1.      That the Defendant, Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain be served with a copy of this Complaint and be required to file its Answer thereto;

        2.      That the Court award Neely Engineering judgment against Wonder Porcelain in the amount of $39,565.55 for nonpayment of work and damages for breach of the subject contract for Container House No. 1;

3.      In the alternative, that the Court award Neely Engineering judgment for quantum meruit for the reasonable value of the benefit conferred on Defendant regarding the work referenced in the contract for Container House No. 1 in the amount of $39,565.55;

4.      That the Court award Neely Engineering all damages for breach of fiduciary duties by Wonder Porcelain as statutory trustee pursuant to Tenn. Code Ann. § 66-34-205(a) regarding all sums which Wonder Porcelain certified to Neely Engineering as reserved for compensation by virtue of Section 4 of said "NEC General Terms and Conditions" with regard to the subject contract for Container House No. 1;

5.      That the Court award Neely Engineering judgment against Wonder Porcelain in the amount of $294,793.00 for nonpayment of work and damages for breach of the subject contract for Dormitories Nos. 2-6;

6.      In the alternative, that the Court award Neely Engineering judgment for quantum meruit for the reasonable value of the benefit conferred on Defendant regarding the work referenced in the contract for Dormitories Nos. 2-6 in the amount of $294,793.00;

7.      That the Court award Neely Engineering all damages for breach of fiduciary duties by Wonder Porcelain as statutory trustee pursuant to Tenn. Code Ann. § 66-34-205(a) regarding all sums which Wonder Porcelain certified to Neely Engineering as reserved for compensation by virtue of Section 4 of said "NEC General Terms and Conditions" with regard to the subject contract for Dormitories Nos. 2-6;

8.      That the Court award Neely Engineering judgment against Wonder Porcelain in the amount of  $1,182,875.75 for nonpayment of work and damages for breach of the subject contract for Trenches and Pit;

9.      In the alternative, that the Court award Neely Engineering judgment for quantum meruit for the reasonable value of the benefit conferred on Defendant regarding the work referenced in the contract for Trenches and Pit in the amount of $1,182,875.75;

10.      That the Court award Neely Engineering all damages for breach of fiduciary duties by Wonder Porcelain as statutory trustee pursuant to Tenn. Code Ann. § 66-34-205(a) regarding all sums which Wonder Porcelain certified to Neely Engineering as reserved for compensation by virtue of Section 4 of said "NEC General Terms and Conditions" with regard to the subject contract for Trenches and Pit;

11.      That the Court award Neely Engineering punitive damages against Wonder Porcelain for acts that were was intentional, reckless, fraudulent, and/or malicious within the meaning of Tenn. Code Ann. § 29-39-104(a)(1) for (1) nonpayment for work expressly requested and agreed to by Wonder Porcelain after completion of such work by Neely Engineering,  and/or (2) for breach of fiduciary duties by Wonder Porcelain as statutory trustee under the Prompt Pay Act pursuant to Tenn. Code Ann. § 66-34-205(a) regarding nonpayment for work;

12.      That the Court award Neely Engineering all reasonable attorney fees incurred by it as costs in order to collect overdue sums from Wonder Porcelain, as expressly provided in Section 5 of the NEC General Terms and Conditions which apply to the respective contracts, as a result of the breach of contract by the Defendant;

13.      That the Court award Neely Engineering pre-judgment interest on all amounts awarded for breach of contract in the amount of eighteen percent (18%) per annum Pursuant to Section 5 of the NEC General Terms and Conditions which apply to the subject contracts or, in the alternative, at the highest rate permitted by law;

14.     That the Court award Neely Engineering all applicable remedies for breach of trust provided at Tenn. Code Ann. § 35-15-1001, including but not limited to (1) an order of the Court compelling the trustee, Wonder Porcelain, to redress breach of trust by paying and restoring all trust property to Neely Engineering or, in the alternative, paying into the Court all funds which constitute trust property pending the Court's determination of the trust claims; (2) an order requiring the trustee to account; and/or (3) an order awarding the trust beneficiary all attorney fees and costs reasonably required to prosecute this action for breach of trust, as permitted under Tenn. Code Ann. § 35-15-1004;

15.     That the Court enter judgment in favor of Neely Engineering for its costs reasonably required to prosecute this action, including attorney fees;

16.     JURY DEMAND – That a trial by jury take place in this matter on an early date upon all issues which cannot be determined as a matter of law;

17.     That the costs of this action be charged to the Defendant; and

18.     That the Court grant the Plaintiff any and all additional relief which may be appropriate in these premises.

Respectfully submitted,

**REID LEITNER LAW GROUP, PLLC**


By:    /s/ Reid D. Leitner
          **Reid D. Leitner, Esq.**
          BPRN 16187
          **Matthew J. Anderson, Esq.**
          BPRN 34909
          **David H. Wood, Esq.**
          BPRN 35489
          201 Fourth Avenue North, Suite 1470
          Nashville, Tennessee 37219
          Telephone: (615) 933-7900
          Facsimile:  (629) 888-4185
          reid.leitner@reidleitnerlaw.com
          matt.anderson@reidleitnerlaw.com
          david.wood@reidleitnerlaw.com

          Attorneys for Plaintiff
          Neely Engineering & Contracting, LLC


S:\NeelyEngineering\Pleadings\Complaint