IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| NEELY ENGINEERING & CONTRACTING, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:20-cv-00415 |
| | ) | JURY DEMAND |
| WONDER PORCELAIN GROUP, LLC, d/b/a AMERICAN WONDER PORCELAIN, Individually and as Statutory Trustee on Behalf of Neely Engineering & Contracting, LLC, | ) ) ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL MEDIATION AND HOLD INTERIM DEADLINES IN ABEYANCE PENDING RESOLUTION OF MEDIATION, OR ALTERNATIVELY, DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Defendant Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain ("Wonder" or "Defendant"), by and through its undersigned counsel at Baker Donelson, and pursuant to 28 U.S.C. § 652, Rule 7 of the Federal Rules of Civil Procedure, and Rule 16 of the Local Rules of Court for the United States District Court for the Middle District of Tennessee, respectfully moves the Court to Compel the Parties to Mediation and hold all interim litigation deadlines, including Wonder's responsive pleading deadline, in abeyance pending resolution of the mediation. Alternatively, Wonder respectfully requests an extension of Wonder's responsive pleading deadline until seven (7) days after the date an impasse is declared in said mediation or this Court denies this Motion. In support thereof, Wonder states as follows:

    **A.**    **WONDER REQUESTS THAT THIS COURT ORDER THE PARTIES TO MEDIATE.**

    1.    Plaintiff filed its nine (9) count Complaint against Wonder on May 14, 2020, seeking damages and other remedies. Far from being a short plain statement of the alleged facts

1

4815-0693-6255v2
Case 3:20-cv-00415   Document 12   Filed 06/10/20   Page 1 of 8 PageID #: 74

entitling Plaintiff to claimed relief in accordance with Rule 8, the ninety-nine (99) paragraphs of the Complaint contain exceedingly complex and multi-faceted factual allegations, precluding a straightforward admission or denial for each paragraph of the Complaint.

2. Plaintiff's Complaint incorporated by reference, as an exhibit, certain "NEC General Terms and Conditions" upon which Plaintiff repeatedly relies for its alleged entitlement to various claims, damages and other rights.[1] The NEC General Terms and Conditions alleged by Plaintiff contains the following provision, in pertinent part:

> **6. Resolution.** All disputes, claims and other matters in controversy (other than nonpayment by Client) between NEC and Client arising out of or in any way related to this Agreement *will be submitted to non-binding mediation before and as a condition precedent to other remedies provided by law*.

(emphasis added). This provision in Plaintiff's Exhibit 2 requires that mediation occur as a condition precedent to other remedies provided by law.

3. Plaintiff seeks more than $1.5 Million in alleged damages in its Complaint relating to multiple contracts. A small portion of the Plaintiff's claim was subject to agreed amounts, as confirmed in Wonder's May 6, 2020 correspondence which offered payment of those agreed amounts totaling approximately $300,000 with a reservation of both parties' rights regarding the remaining issues in dispute between the parties.[2] The other disputes, claims and other matters in controversy include significant defects in Plaintiff's performance of a construction contract for

---

[1] The NEC General Terms and Conditions is attached as Exhibit 2 to Plaintiff's Complaint (ECF #1-2), an excerpt of which is attached to this Motion as **Exhibit 1**. Based upon the Complaint, it is clear that the NEC General Terms and Conditions form a basis for Plaintiff's allegations and claims, at least in part. However, Wonder advises that Plaintiff did not append a copy of the NEC General Terms and Conditions to the proposals which Plaintiff seeks to enforce in its Complaint or contemporaneously furnish a copy of the NEC General Terms and Conditions to the individual charged with negotiating the proposals on behalf of Wonder. As such, Wonder must reserve the right to confirm through discovery the authenticity, completeness and validity of the NEC General Terms and Conditions appended to Plaintiff's Complaint as Exhibit 2. Notwithstanding this, because Plaintiff bases its claims and remedies on the NEC General Terms and Conditions and urges enforcement of those terms, Plaintiff should be estopped from simultaneously refusing to comply with an express condition precedent upon Plaintiff as set forth in that document.

[2] A copy of the applicable correspondence dated May 6, 2020 is attached hereto as **Exhibit 2**.

improvement of Wonder's projects. In its May 6 correspondence, Wonder confirmed various aspects of the dispute among the parties, including among other issues: (1) wrongful termination by Plaintiff; (2) Plaintiff's performance of defective work and work in violation of applicable codes; (3) Plaintiff's failure to provide notice and opportunity to cure pursuant to governing law; (4) disputes relating to the scope of the contracts at issue; and (5) Plaintiff's requests for change orders and additional costs for work otherwise within the scope of the original contract. For the small portion of undisputed claims relating solely to payment, Wonder's May 6 correspondence made an itemized and detailed offer of payment to Plaintiff in Wonder's attempt to disentangle any agreed payment issues from the broader and more substantive contract disputes.

4. By correspondence dated May 4, 6, and 12, 2020, Wonder agreed to mediate the disputed issues identified above, suggested potential mediators, and requested confirmation of Plaintiff's commitment to mediate.[3]

5. Notwithstanding Wonder's correspondence regarding its desire to mediate, Plaintiff instead filed its Complaint on May 14, 2020, for damages in excess of $1.5 Million without agreeing or attempting to mediate the disputed issues.

6. Plaintiff bases its claims, in part, on the NEC Terms and Conditions which require the parties to engage in mediation prior to litigation as to disputes arising under the contract as a "condition precedent" to pursuing legal remedies regarding the various disputed issues. Plaintiff should not be permitted to simultaneously urge enforcement of the document while disregarding other requirements of Plaintiff in the document, and Wonder should not have to incur the expense, delay and fees associated with litigating prior to the completion of the dispute resolution procedure. Moreover, Plaintiff is seeking to recover attorneys' fees in part based upon the NEC Terms and

---

[3] **Exhibit 2**. The May 4 and May 12, 2020 e-mail correspondence between Counsel regarding an intent to mediate is attached to this Motion as **Exhibit 3**.

Conditions, and as such it should not be permitted to increase the fees to be incurred in this litigation without first complying with a procedure that Plaintiff has submitted to the Court as a governing document.

7. This Court is vested with the authority and discretion under 28 U.S.C. § 652 and Local Rule 16(a) and (b) to compel alternative dispute resolution.

8. Federal policy favors a preference for non-judicial dispute resolution. *See Bakers Union Factory No. 326 v. ITT Cont'l Baking Co.*, 749 F.2d 350, 352 (6th Cir. 1984); *Fisher v. GE Med. Sys.*, 726 F.Supp.2d 891, 893 (M.D. Tenn. 2003).

9. In order to facilitate a negotiated settlement in this case, Wonder believes that the assistance of a neutral mediator would be beneficial to the parties because of the complex issues and the damages at issue in this case. Wonder anticipates that this case will consume a large amount of the Court's time and will be expensive for all the parties involved if it were to be resolved at trial. By ordering mediation, this Court would be enforcing the terms of an agreement relied upon by Plaintiff as well as using judicial resources in the most efficient manner to pursue every meaningful opportunity for a more expedient and cost-effective resolution. Even if mediation proved unsuccessful, mediation of this matter will likely serve to narrow issues in dispute for trial, potentially saving a significant amount of judicial resources as well as litigation costs.

10. Moreover, Wonder asserts that there is good cause to hold matters at this early stage in abeyance pending pursuit of mediation. The United States Supreme Court has long held that the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936); *see also Gray v. Bush*, 628

F.3d 779, 786 (6th Cir. 2010). In the context of a request for a stay pending the resolution of a motion in the same case, courts have addressed the motion in the context of case management and used a "good cause" standard. *Fireman's Fund Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3-12-0851, 2013 WL 12309838, at *2 (M.D. Tenn. July 15, 2013). This matter is new to the Court's docket, and the parties have not engaged in substantial procedural or pre-trial litigation or otherwise stalled or delayed in pursuit of discovery or other matters that might weigh against an abeyance.

11. Here, Wonder requests a stay for only so long as necessary to pursue the procedure required in the agreement the Plaintiff relies upon in support of its Complaint. By holding matters and deadlines in abeyance pending resolution of the alternative dispute resolution procedure as to the disputed items, this Court will be conserving substantial judicial and party resources and acting in accordance with the document upon which Plaintiff bases its claims against Wonder.

12. Wonder respectfully submits that Plaintiff's failure to comply with the dispute resolution provision is a failure of a condition precedent to litigation, and an Order compelling this matter to mediation serves the interests of justice, the conservation of judicial and party resources, and the recognition of Plaintiff's own contract terms. Each of these factors weigh in favor of this this Court compelling the parties to mediate their disputes in this action while also providing good cause to hold interim deadlines in abeyance.

  **B. ALTERNATIVELY, WONDER REQUESTS AN EXTENSION OF TIME OF SEVEN (7) DAYS AFTER EITHER AN UNSUCCESSFUL MEDIATION OR A DENIAL OF THE MOTION TO COMPEL FOR THE FILING OF WONDER'S RESPONSIVE PLEADING TO THE COMPLAINT.**

13. Wonder asserts that this Motion to Compel Mediation is brought in good faith and with a reasonable basis due to the existence of the numerous disputed performance and scope of contract issues in this case. Wonder also advises this Court of its good faith intent to engage in a

meaningful and productive mediation with a goal of resolving all open disputed items consistent with the written record before the Court. In the event a mediation proves unsuccessful or this Court denies the Motion to Compel Mediation, Wonder requests that this Court grant Wonder an extension of time of seven (7) days from the date of the declaration of an impasse by the mediator or the Court's denial of the instant Motion to Compel Mediation to file Wonder's responsive pleading to Plaintiff's Complaint.

14. Given the complexity of the Complaint and nature of the wide-ranging disputes at issue, a seven (7) day extension is an extremely modest period of time that will not unduly delay or prejudice any party or the judicial process. Given the potential preservation of resources for following the dispute resolution procedure, Wonder asserts that there is good cause for the grant of the extension of time requested herein.

15. Wonder provided notice to lead counsel for the Plaintiff prior to filing the instant Motion to Compel Mediation to request Plaintiff's consent to the Motion and avoid the need for submission of the matter to the Court. However, Plaintiff did not agree to the relief requested and advised that it would not consent to the Motion.

WHEREFORE, Wonder respectfully requests that the Court enter an Order providing the following relief:

(1) Order the parties to engage in Mediation, holding interim Court and pleading deadlines in abeyance pending the outcome of the mediation, or

(2) Alternatively, granting Wonder an extension of time for the filing of its responsive pleading until seven (7) days after either a mediator's declaration of an impasse at mediation or after this Court's denial of the instant Motion to Compel Mediation, and

(3) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Albert L. Chollet III*
Christopher M. Caputo (BPR #020000)
Albert L. Chollet III (BPR #024356)
Paul Madden (BPR #037588)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Email: achollet@bakerdonelson.com
Email: ccaputo@bakerdonelson.com
Telephone: (615) 726-5709

## **LOCAL RULE 7.01 CERTIFICATION**

Pursuant to Local Rule 7.01, undersigned counsel attests that on May 9, 2020 counsel made a good faith disclosure of the issues contained in this Motion and submitted a request to Plaintiff's counsel for consent to the relief requested herein, and Plaintiff's counsel advised in response that the relief requested in this Motion will be opposed.

7

4815-0693-6255v2
Case 3:20-cv-00415   Document 12   Filed 06/10/20   Page 7 of 8 PageID #: 80

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Wednesday, June 10, 2020, a copy of the foregoing filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Reid D. Leitner, Esq.
Matthew J. Anderson, Esq.
David H. Wood, Esq.
REID LEITNER LAW GROUP, PLLC
201 Fourth Avenue North, Suite 1470
Nashville, TN 37219
reid.leitner@reidleitnerlaw.com
matt.anderson@reidleitnerlaw.com
david.wood@reidleitnerlaw.com

*/s/ Albert L. Chollet III*
Albert L. Chollet, III