IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NEELY ENGINEERING AND ) | |
| CONTRACTING LLC., ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 3:20-cv-00415 |
| v. ) | Chief Judge Crenshaw/Frensley |
| ) | Jury Demand |
| WONDER PORCELAIN GROUP, LLC, ) | |
| D/B/A/ AMERICAN WONDER ) | |
| PORCELAIN ) | |
|     Defendant. ) | |

**ORDER**

Pending before the Court is Defendant's Motion to Compel Mediation and Hold Interim Deadlines in Abeyance Pending Resolution of Mediation, or Alternatively, Defendant's Motion for Extension of Time. Docket No. 12. The deadline for Plaintiff to respond and has not passed and while the Defendant has included a certification under Local Rule 7.01 that the Motion will be opposed, a response is unnecessary to resolve this Motion.[1] For the reasons stated herein, the Motion to Compel Mediation and Hold Interim Deadlines in Abeyance is GRANTED.

Through its motion and attached exhibits, the Defendant asks the Court to order the Parties to mediate this case and hold deadlines in abeyance pending resolution of that mediation. *Id.* The Defendant argues that an exhibit to the Complaint upon which Plaintiff relies for relief, "NEC General Terms and Conditions" contains a provision that any disputes arising out of the agreements between NEC and their client "will be submitted to nonbinding mediation before and as a condition precedent to other remedies provided by law." *Id.*, Ex. 1, p. 2. Quoting Docket No. 1-2.[2] Defendant further

---

[1] Local Rule 7.01(b) permits the Court to act on a motion prior to the time allowed for response. The Court does not believe it necessary to wait 21 days for this matter to be briefed in light of the issues.

[2] Though citing the provision, Defendant reserves its right to challenge the authenticity, completeness and validity of the document but argues that Plaintiff should not be allowed to refuse to comply with the requirement.

notes an apparent agreement among the Parties to mediate prior to the filing of the action. Docket No. 12, p. 3, Docket No. 12-2, 3. The Defendant notes the length and complexity of the allegations in the Complaint and contends that it should not be forced to incur additional costs and expenses associated with litigation prior to completion of the dispute resolution procedure set forth in the Plaintiff's agreement. *Id.* Defendant notes that the case is at its early stages and compelling the matter to mediation would serve the interest of justice as well as conserving the resources of the Court and Parties. *Id.* at p. 5.

The plain language of the agreement appended to the Complaint specifically addresses the resolution of "all disputes, claims and other matters in controversy (other than nonpayment of client) between any NEC client arising out of or in any way related to this agreement will be submitted to non-binding mediation before and as a condition precedent to other remedies provided by law." Docket No. 1-2. While the Complaint deals in large measure with alleged nonpayment by Defendant, it also includes claims for breach of fiduciary and statutory trust duties. Docket No. 1. Further, Defendant's exhibits suggest that Plaintiff sought an agreement to mediate prior to filing this action. Docket No. 12-2, 3.

Independent of whether mediation is mandatory under the terms of the agreement or the Party's course of dealing through counsel, the Court finds that it is appropriate to order mediation at this stage of the proceedings.

Chief Judge Crenshaw's initial case management order form requires that the Parties develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first of those attempts is to occur early in the proceedings, no later than 120 days from the initial case management conference. Similarly, the Court has the Authority under Local Rule 16.02 to refer

a case for mediation "to avoid the expense of protracted pretrial proceedings and of trial, and delay in adjudication." Local Rule 16.02(a).

The Court specifically finds that given the complexities of the case, amount in controversy and procedural posture, mediation is appropriate consistent with Chief Judge Crenshaw's requirement that the parties engage in early settlement efforts. The Court further finds that a stay of litigation deadlines including the deadline for Defendant to file any responsive pleading is consistent with this ruling and Rule 1 of the Federal Rules of Civil Procedure.

While not presently before the Court by way of motion, the Court notes the length and complexity of the allegations set forth in the Complaint. Docket No. 1. The Plaintiff is reminded that Rule 8 of the Federal Rules of Civil Procedure provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that " [e]ach allegation must be simple, concise and direct." Feds. R. Civ. P. 8(a)(2) and 8(d)(1). The Supreme Court has explained that:

> a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Swierkiewicz v. Sorema N. A.*, 534 U. S. 506. 512, 12 S. Ct. 992, 998 (2002)(internal quotations and citations omitted).

While "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)," *Hearns v. San Bernardino Police Dept.*, 530 F. 3d 1124, 1131 (9th Cir. 2008), it can hardly be said that the instant Complaint is a short or plain statement of the claims presented. While the Court is reluctant to tell counsel had to plead their case, the Complaint may be "gilding the lily" and the Plaintiff should consider filing an Amended Complaint in the event mediation is unsuccessful.

3

Further, it is possible that mediation may narrow the issues between the Parties.

For the reasons set forth herein, Defendant's Motion to Compel Mediation and Hold Interim Deadlines in Abeyance Pending Resolution of Mediation (Docket No. 12) is GRANTED. On or before **June 22, 2020**, the Parties shall file a joint notice advising the Court their selection of mediator and the date of mediation to occur before **September 12, 2020**. The case management conference scheduled for **July 30, 2020** is cancelled, to be reset if necessary after the mediation. Within 7 days after the mediation if unsuccessful, Plaintiff shall file any amended complaint necessitated by the mediation. Defendant shall have 14 days thereafter to file a response to the Complaint or Amended Complaint. Thereafter, the Court will reset the Initial Case Management Conference, if necessary.

**IT IS SO ORDERED**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**